## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

---

VILLAGE PRACTICE MANAGEMENT
COMPANY, LLC,

                Plaintiff,

     v.

VILLAGE CAREGIVING, LLC,

                Defendant.

Case No. 1:23-cv-1163

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Village Practice Management Company, LLC ("Village Practice"), for its complaint for Declaratory Judgment against Defendant Village Caregiving, LLC ("Defendant"), states and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties arising from Defendant's overreaching assertion of trademark rights against Village Practice. Specifically, Defendant has asserted a likelihood of consumer confusion between Defendant's VILLAGE CAREGIVING mark, which Defendant uses in the context of ***non-medical*** in-home assistance services, and Village Practice's VILLAGE MEDICAL mark, which Village Practice uses in the context of providing ***professional medical care*** in clinical, telemedicine, and in-home settings.

2. On multiple occasions, Defendant has rejected the possibility that Defendant and Village Practice might continue to co-exist under their current business models, in which

Defendant continues to provide in-home non-medical assistance under the VILLAGE CAREGIVING trademark, and Village Practice continues to provide in-home medical care under its VILLAGE MEDICAL trademark. Defendant has made statements and engaged in conduct constituting a threat to pursue claims of trademark infringement and other claims if Village Practice did not agree to a resolution on Defendant's terms—terms which included Village Practice agreeing not to provide any in-home medical services (despite its status as a professional provider of such services), while reserving Defendant's ability to expand its business to provide these very same medical services. As recently as November 15, 2022, Defendant invoked the potential filing of trademark, unfair competition, and advertising claims against Village Practice unless the parties were able to resolve their dispute on terms satisfactory to Defendant.

3.      Village Practice is a provider of professional medical services. Defendant is not. Village Practice is not willing to forgo the possibility of providing in-home *__medical__* care when that type of care is in a patient's best interests or is necessary for Village Practice's business. Defendant's overreaching assertion of trademark rights is incompatible with the scope of Village Caregiving's trademark rights and its business operations. Defendant's statements, threats, demands, and conduct clearly demonstrate the type of real and concrete legal dispute that the Declaratory Judgment Act exists to address. Accordingly, Village Practice has filed this declaratory judgment action to resolve questions of actual controversy between the parties.

## THE PARTIES

4.      Plaintiff Village Practice Management Company, LLC is a limited liability company organized under the laws of the State of Delaware, and having a principal place of business in Chicago, Illinois. Village Practice is the owner of various "Village Medical" trademarks for the providing of professional medical services. Village Practice has provided

medical services in clinical, telemedicine, and in-home settings under the Village Medical trademark.  For example, Village Practice's current use of the Village Medical trademark at its website (www.villagemedical.com) appears as follows.



5.      Defendant Village Caregiving, LLC is a limited liability company organized under the laws of the State of West Virginia, and with a principal place of business in Barboursville, West Virginia.  Village Caregiving is the owner of various "Village Caregiving" trademarks for the providing of non-medical, in-home assistance services.

## BACKGROUND

6.      As early as 1975, Village Practice's predecessor in interest Village Family Practice, L.L.P. ("VFP") began using the trademark VILLAGE FAMILY PRACTICE in commerce in connection with the promotion and providing of medical services.

7.      On or about December 5, 2005, VFP created Village Medical Group, L.L.P. ("VMG") to act as a specialty medical practice.  VFP owned 99% of VMG, and Village Specialists, PLLC owned 1% of VMG.  VFP was the sole member of Village Specialists, PLLC, giving VFP sole ownership and control of VMG.

8.      As early as December 5, 2005, and continuously thereafter, VFP began using the trademarks VILLAGE MEDICAL and VILLAGE MEDICAL GROUP in commerce in connection with the promotion and providing of medical services by its wholly owned subsidiary VMG.

9.      Over the years, VFP expended substantial time, money and resources in marketing, advertising, and promoting the medical services provided by VFP and VMG under the VILLAGE FAMILY PRACTICE, VILLAGE MEDICAL GROUP and VILLAGE MEDICAL trademarks.

10.     In 2016, the physicians who worked for VMG transferred to VFP, and VMG ceased operating as a separate entity.

11.     From 2016 until June 2019, VFP continued to use the VILLAGE FAMILY PRACTICE, VILLAGE MEDICAL GROUP and VILLAGE MEDICAL trademarks in commerce in connection with the promotion and providing of medical services.

12.     On or about March 12, 2013, Village Practice Management Company, LLC was formed in the State of Delaware.

13.     Village Practice provides business management, consulting and support services for healthcare providers and related business services.  Village Practice also acts as a holding company for certain intangible assets, including trademarks.

14.     Village Practice Management Company of Houston LLC ("VPMC Houston") is a wholly owned subsidiary of Village Practice.  VPMC Houston provides management services to market specific healthcare providers, affiliates, and licensees.

15.     On June 28, 2019, VPMC Houston acquired the non-clinical assets of VFP, which included the VILLAGE FAMILY PRACTICE, VILLAGE MEDICAL GROUP and VILLAGE MEDICAL trademarks and all goodwill associated therewith.

16.     Thereafter, Village Practice phased out use of the VILLAGE FAMILY PRACTICE trademark in favor of the VILLAGE MEDICAL trademark, which has been in continuous use since 2005.

17.     Village Practice was party to a trademark dispute with Panther Creek Medical Center, P.A. ("Panther Creek"), which commenced with an opposition proceeding filed in the USPTO Trademark Trial and Appeal Board on October 25, 2019, and ended with a settlement agreement effective October 30, 2020 ("Settlement Agreement").

18.     As part of the Settlement Agreement with Panther Creek, Village Practice acquired from Panther Creek all of its right, title and interest in and to the trademarks VILLAGE MEDICAL and VILLAGE MEDICAL CENTERS and all goodwill associated therewith, including all rights in the following trademark registration issued by the United States Patent and Trademark Office ("USPTO"):

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| V VILLAGE MEDICAL CENTERS and Design <br><br> VILLAGE MEDICAL CENTERS <br><br> RN: 6451245 <br> SN: 88387382 | Filed: April 16, 2019 <br> Registered: August 17, 2021 <br> Register Type: Principal Register | Int'l Class: 44 <br> (Int'l Class: 44) <br> Medical services |

19.     Pursuant to U.S. Trademark Registration No. 6451245, Panther Creek asserted use of the VILLAGE MEDICAL CENTERS trademark at least as early as January 1, 1985, and use in commerce at least as early as July 6, 2005.

20.     Village Practice has expended substantial time, money, and resources marketing, advertising, and promoting the medical services and patient care offered under the VILLAGE MEDICAL trademark through media advertising, print advertising, signage, its website, and social media.

21.     As a result of Village Practice's expenditures of time and effort, the VILLAGE MEDICAL trademark has come to signify a source of high-quality medical services and patient care.

22.     In light of the longstanding use of the VILLAGE MEDICAL and VILLAGE derivative trademarks by Village Practice and its predecessors in interest, Village Practice's rights in the VILLAGE MEDICAL trademark predate the earliest date that Defendant can claim actual or constructive use of its VILLAGE CAREGIVING trademarks.

23.     Village Practice is the owner of the following federal trademark applications pending in the USPTO:

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| M VILLAGE MEDICAL (Stylized)<br><br>VILLAGE MEDICAL<br><br>SN: 88497592 | Filed: July 2, 2019 Register Type: Principal Register | Int'l Class: 44 (Int'l Class: 44) Home health care services, namely, risk based care for chronically ill patients |

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| VILLAGE MEDICAL AT HOME<br><br>SN: 90645147 | Filed: April 14, 2021<br>Register Type: Principal Register | Int'l Class: 44<br>(Int'l Class: 44)<br>Home based primary care medical services |
| VILLAGE MEDICAL<br><br>SN: 97046699 | Filed: September 27, 2021<br>Register Type: Principal Register | Int'l Class: 44<br>(Int'l Class: 44)<br>Telemedicine services |
| VILLAGE MEDICAL PHYSICAL THERAPY<br><br>SN: 90645278 | Filed: April 14, 2021<br>Register Type: Principal Register | Int'l Class: 44<br>(Int'l Class: 44)<br>Physical therapy |
| VILLAGE MEDICAL<br><br>SN: 90645063 | Filed: April 14, 2021<br>Register Type: Principal Register | Int'l Class: 35, 44<br>(Int'l Class: 35)<br>Retail pharmacy services<br>(Int'l Class: 44)<br>Medical services; Healthcare, namely, immediate and primary care clinics; physical therapy; Medical testing for diagnostic treatment purposes; Home based primary care medical services; Preparation of prescriptions and medications in pharmacies; Pharmaceutical advice; Medical analysis services for diagnostic and treatment purposes provided by medical laboratories |

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| V VILLAGE MEDICAL and Design<br><br>Village Medical<br><br>SN: 90645120 | Filed: April 14, 2021<br>Register Type: Principal Register | Int'l Class: 35, 44<br>(Int'l Class: 35)<br>Retail pharmacy services<br>(Int'l Class: 44)<br>Medical services; Healthcare, namely, immediate and primary care clinics; Physical therapy; Medical testing for diagnostic treatment purposes; Home based primary care medical services; Preparation of prescriptions and medications in pharmacies; Pharmaceutical advice; Medical analysis services for diagnostic and treatment purposes provided by medical laboratories |
| V VILLAGE MEDICAL AT HOME and Design<br><br>Village Medical<br>at Home<br><br>SN: 90645166 | Filed: April 14, 2021<br>Register Type: Principal Register | Int'l Class: 44<br>(Int'l Class: 44)<br>Home based primary care medical services |
| V VILLAGE MEDICAL PHYSICAL THERAPY and Design<br><br>Village Medical<br>Physical Therapy<br><br>SN: 90645297 | Filed: April 14, 2021<br>Register Type: Principal Register | Int'l Class: 44<br>(Int'l Class: 44)<br>Physical therapy |

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| VILLAGE MEDICAL<br><br>SN: 97039842 | Filed: September 22, 2021<br>Register Type: Principal Register | Int'l Class: 09<br>(Int'l Class: 09)<br>Downloadable mobile applications for providing health care management, namely, appointment scheduling, symptom readers, patient education, health reminders and health care alerts; Downloadable mobile applications for providing health care management, namely, telemedicine and virtual visits through video chat, audio chat, and messaging through the mobile applications |

24.     Village Practice is also the owner of the following federal trademark registration issued by the USPTO:

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| VILLAGE MEDICAL<br><br>RN: 6782718<br><br>SN: 88435074 | Filed: May 17, 2019<br>Registered: July 5, 2022<br>Register Type: Principal Register | Int'l Class: 44<br>(Int'l Class: 44)<br>Home health care services, namely, risk based care for chronically ill patients |

25.     Defendant is the owner of the following federal trademark applications pending in the USPTO:

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| VILLAGE CAREGIVING and Design<br><br><br><br>SN: 90727657 | Filed: May 21, 2021<br>Register Type: Principal Register | Int'l Class: 45<br>(Int'l Class: 45)<br>Non-medical, in-home personal care services for assisting the elderly with daily living activities |
| VILLAGE CAREGIVING and Design<br><br><br><br>SN: 90776937 | Filed: June 16, 2021<br>Register Type: Principal Register | Int'l Class: 45<br>(Int'l Class: 45)<br>Non-medical in-home personal care services for assisting with daily living activities of elderly individuals |
| VILLAGE CAREGIVING and Design<br><br><br><br>SN: 90779275 | Filed: June 17, 2021<br>Register Type: Principal Register | Int'l Class: 45<br>(Int'l Class: 45)<br>Non-medical in-home personal care services for assisting with daily living activities of elderly individuals |

| Mark/Name/AN/RN | Status/Key Dates | Full Goods/Services |
|---|---|---|
| VILLAGE CAREGIVING KEEP YOUR HEART AT HOME and Design<br><br><br><br>SN: 90727634 | Filed: May 21, 2021<br>Register Type: Principal Register | Int'l Class: 45<br>(Int'l Class: 45)<br>Non-medical, in-home personal care services for assisting the elderly with daily living activities |
| VILLAGE CAREGIVING KEEP YOUR HEART AT HOME and Design<br><br><br><br>SN: 90776894 | Filed: June 16, 2021<br>Register Type: Principal Register | Int'l Class: 45<br>(Int'l Class: 45)<br>Non-medical in-home personal care services for assisting with daily living activities of elderly individuals |
| VILLAGE CAREGIVING KEEP YOUR HEART AT HOME and Design<br><br><br><br>SN: 90777575 | Filed: June 16, 2021<br>Register Type: Principal Register | Int'l Class: 45<br>(Int'l Class: 45)<br>Non-medical in-home personal care services for assisting with daily living activities of elderly individuals |

(collectively, the "Village Caregiving Applications").

26. On or about February 28, 2022, the USPTO issued office actions against each of the Village Caregiving Applications and identified Village Practice's Application Serial Nos.

11

88435074 (VILLAGE MEDICAL), 88497592 (M VILLAGE MEDICAL & design), 90645063 (VILLAGE MEDICAL), 90645120 (V VILLAGE MEDICAL & design), 90645147 (VILLAGE MEDICAL AT HOME), and 90645166 (V VILLAGE MEDICAL AT HOME & design) as prior pending applications, stating in part: "If one or more of the marks in the referenced applications register, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with the registered mark(s)."

27. Defendant thereafter filed notices of opposition with the USPTO Trademark Trial and Appeal Board against Village Practice's Application Serial Nos. 88497592 (M VILLAGE MEDICAL & design), 90645063 (VILLAGE MEDICAL), 90645120 (V VILLAGE MEDICAL & design), 90645147 (VILLAGE MEDICAL AT HOME), 90645166 (V VILLAGE MEDICAL AT HOME & design), 90645278 (VILLAGE MEDICAL PHYSICAL THERAPY), 90645297 (VILLAGE MEDICAL PHYSICAL THERAPY & design) and 97046699 (VILLAGE MEDICAL) and a petition to cancel against Village Practice's Registration No. 6782718 (VILLAGE MEDICAL).

## SUBJECT MATTER JURISDICTION

28. This Court has jurisdiction of this civil action for Declaratory Judgment concerning trademark rights under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under 28 U.S.C. §§ 1331, and under 15 U.S.C. § 1119.

29. There is a legitimate case and controversy for purposes of the Declaratory Judgment Act, as the facts set forth herein clearly demonstrate a real and concrete dispute between Village Practice and Defendant in the form of the parties' incompatible assertions of legal rights, Defendant's threats of legal action under trademark and other causes of action, and other statements and conduct substantiating the existence of adverse legal interests between the

parties. The parties' dispute is real and substantial, and subject to resolution in the form of a conclusive judicial declaration as requested herein.

30. As set forth herein, the real and concrete dispute between the parties is established by at least the following: (1) Defendant has made assertions of trademark rights and future plans to expand its trademark usage into Village Practice's area of business—specifically, the providing of medical services—that exceed Defendant's own trademark rights and which are incompatible with Village Practice's trademark rights and its business; (2) Defendant has insisted that Village Practice must agree to cease providing in-home medical care—an area of services within Village Practice's own trademark rights—as a condition for agreeing to resolve the parties' trademark dispute; (3) Defendant has initiated serial proceedings in the Trademark Trial and Appeal Board seeking to oppose or cancel Village Practice's registrations of any VILLAGE MEDICAL trademarks based upon an asserted likelihood of confusion with Defendant's VILLAGE CAREGIVING trademarks—and has done so despite previously proposing a co-existence agreement under which Defendant would consent to the registration of these same VILLAGE MEDICAL trademarks; and (4) Defendant has expressly stated that it reserves the rights to file trademark, unfair competition, and advertising claims against Village Practice if the parties are unable to resolve their legal dispute on terms satisfactory to Defendant.

**A. The parties' concrete dispute is evidenced by Defendant's filing of multiple TTAB proceedings against the Village Medical trademarks**

31. The immediacy of the dispute between the parties is reflected in numerous proceedings the Defendant has initiated in the Trademark Trial and Appeal Board (TTAB) seeking to oppose and/or cancel Village Practice's applications and registrations for various VILLAGE MEDICAL trademarks.

13

32.     On or about June 3, 2022, Defendant filed Opposition No. 91276564 against Village Practice's Application No. 88497592 (M VILLAGE MEDICAL & design) alleging a likelihood of confusion between Village Practice's M VILLAGE MEDICAL & design trademark and Defendant's VILLAGE CAREGIVING trademarks.

33.     On or about June 8, 2022, Defendant filed Opposition No. 91276645 against Village Practice's Application No. 90645147 (VILLAGE MEDICAL AT HOME) alleging a likelihood of confusion between Village Practice's VILLAGE MEDICAL AT HOME trademark and Defendant's VILLAGE CAREGIVING trademarks.

34.     On or about July 14, 2022, Defendant filed Cancellation No. 92080125 against Village Practice's Registration No. 6782718 (VILLAGE MEDICAL) alleging a likelihood of confusion between Village Practice's VILLAGE MEDICAL trademark and Defendant's VILLAGE CAREGIVING trademarks.

35.     On or about August 5, 2022, Defendant filed Opposition No. 91277780 against Village Practice's Application No. 90645278 (VILLAGE MEDICAL PHYSICAL THERAPY) alleging a likelihood of confusion between Village Practice's VILLAGE MEDICAL PHYSICAL THERAPY trademark and Defendant's VILLAGE CAREGIVING trademarks.

36.     On or about August 5, 2022, Defendant filed Opposition No. 91277781 against Village Practice's Application No. 97046699 (VILLAGE MEDICAL) alleging a likelihood of confusion between Village Practice's VILLAGE MEDICAL trademark and Defendant's VILLAGE CAREGIVING trademarks.

37.     On or about August 5, 2022, Defendant filed Opposition No. 91277790 against Village Practice's Application No. 90645063 (VILLAGE MEDICAL) alleging a likelihood of confusion between Village Practice's VILLAGE MEDICAL trademark and Defendant's

VILLAGE CAREGIVING trademarks, alleging that an assignment of trademark rights to Village Practice was invalid, alleging that Village Practice committed fraud during the prosecution of its application, and alleging that Village Practice has abandoned its rights in the VILLAGE MEDICAL trademark due to nonuse with intent not to resume use, and nonuse for three consecutive years or due to a course of conduct that has caused the mark to lose significance as an indication of source.

38.     On or about August 24, 2022, Defendant filed Opposition No. 91278147 against Village Practice's Application No. 90645166 (V VILLAGE MEDICAL AT HOME & design) alleging a likelihood of confusion between Village Practice's V VILLAGE MEDICAL AT HOME & design trademark and Defendant's VILLAGE CARGIVING trademarks.

39.     On or about August 24, 2022, Defendant filed Opposition No. 91278148 against Village Practice's Application No. 90645297 (V VILLAGE MEDICAL PHYSICAL THERAPY & design) alleging a likelihood of confusion between Village Practice's V VILLAGE MEDICAL PHYSICAL THERAPY & design trademark and Defendant's VILLAGE CAREGIVING trademarks.

40.     On or about August 24, 2022, Defendant filed Opposition No. 91278149 against Village Practice's Application No. 90645120 (V VILLAGE MEDICAL & design) alleging a likelihood of confusion between Village Practice's V VILLAGE MEDICAL & design trademark and Defendant's VILLAGE CAREGIVING trademarks.

41.     On information and belief, absent dismissal of the TTAB proceedings and an award of the declaratory relief sought in this action, Defendant would attempt to use any TTAB findings of a likelihood of confusion between the VILLAGE MEDICAL and VILLAGE

CAREGIVING trademarks as a basis to further threaten and/or pursue the filing of trademark infringement and other claims against Village Practice.

**B.    Defendant has repeatedly asserted trademark rights that are incompatible with Village Practice's rights and business, threatened legal claims, and engaged in other conduct demonstrating a real and concrete dispute between the parties.**

42.    On numerous occasions, Defendant has asserted that it is free to expand into the area of providing in-home medical services under the VILLAGE CAREGIVING trademarks, demanded that Village Practice must agree to cease providing in-home medical services under the VILLAGE MEDICAL trademarks, and informed Village Practice that Defendant reserved the right to file trademark and other legal claims if the parties were unable to resolve their dispute.  Defendant reiterated these allegations as recently as November 15, 2022.

43.    On November 8, 2022, Village Practice sent correspondence to Defendant, in which Village Practice denied any confusion between the VILLAGE MEDICAL and VILLAGE CAREGIVING trademarks, and offered to enter into a broad co-existence agreement under which Village Practice would consent to the registration of certain VILLAGE CAREGIVING trademark applications, in return for which Defendant would dismiss the opposition and cancellation proceedings it has asserted against the various VILLAGE MEDICAL trademark applications.  Village Practice also offered to consent to any other VILLAGE CAREGIVING applications that did not include the word medical, medicine, or a similar word, so long as Defendant agreed to any other VILLAGE MEDICAL trademark applications that did not include the word "care," "caregiving," or a similar word.

44.    Defendant responded to the November 8 correspondence on November 15, 2022. Defendant expressed concerns with Village Practice using "an in-home care model" and discussed Village Caregiving's potential expansion into "skilled in-home care, medical care,

facility-based care, or other types of care in other settings." Based on those reasons, Defendant stated that a co-existence agreement would be unlikely to resolve the issues between the parties. Village Caregiving concluded its letter by stating: "Although we hope to resolve this matter informally, Village Caregiving, LLC reserves all of its available claims and defenses arising under trademark, unfair competition, and advertising laws."

45. Defendant's November 15, 2022, correspondence was similar to other correspondence from Defendant. On September 30, 2022, Defendant's counsel sent correspondence "in an effort to provide clear information about our client's trademark rights and interest in resolving this matter in a manner that does not limit its continued operation and growth." Defendant contended that "home-based client care services are a quickly evolving bundle of service lines that cross various healthcare and healthcare-related industries and constituencies." Defendant proposed a resolution that, among other terms, would have required Village Practice to stop providing in-home medical services under the VILLAGE MEDICAL trademark. Village Caregiving concluded its September 30 letter by stating: "Although we hope to resolve this matter informally, Village Caregiving, LLC reserves all of its available claims and defenses arising under trademark, unfair competition, and advertising laws."

46. Defendant's September 30 and November 15, 2022, letters were consistent with statements previously conveyed verbally through Defendant's legal counsel. Those statements reflected Defendant's decision to repudiate a previous settlement proposal offered by Defendant in favor of taking a more adversarial stance to the trademark issues between the parties.

47. On March 29, 2022, Defendant had proposed a co-existence agreement between the parties, under which the parties would continue using their respective marks in their respective areas of business. Among other terms, Defendant proposed that Village Practice

would consent to Defendant's registration of certain VILLAGE CAREGIVING trademarks under international trademark Class 45—a class which under federal law includes "personal and social services rendered by others to meet the needs of individuals" and specifically excludes medical care services, which fall under Class 44. (*See* 37 C.F.R. §2.85(b) and TMEP §1401.02, incorporated herein by reference.) Defendant also proposed that it would consent to Village Practice's registration of VILLAGE MEDICAL trademarks in connection with medical services under Class 44. Further, among other things, Defendant proposed that Village Practice would agree not to provide "in-home, non-medical caregiving services" under the VILLAGE MEDICAL mark.

48.     The parties set up a Zoom meeting for June 16, 2022, at which Village Practice anticipated favorably discussing the co-existence proposal through their outside counsel. Instead, Defendant used the meeting to withdraw its own co-existence proposal, adopting the new position that Defendant would not agree to a co-existence arrangement unless Village Practice agreed to not provide any in-home medical services under the VILLAGE MEDICAL trademark. Among other points, Defendant conveyed that it was not willing to agree to let Village Practice use the Village Medical trademark for in-home medical care because Defendant may choose to expand its business to provide in-home medical services in the future.

49.     In response to Defendant's statements, Village Practice explained during the June 16 meeting that it would agree not to provide in-home non-medical assistance services under the Village Medical trademark—exactly as Defendant proposed on March 29. Nonetheless, Village Caregiving would not retract its new position that Village Caregiving must agree not to provide any in-home services—both medical and non-medical services—under the VILLAGE MEDICAL trademark. Village Caregiving argued that in-home professional medical services

18

were related to non-medical care services as to cause a likelihood of consumer confusion between the VILLAGE MEDICAL and VILLAGE CAREGIVING trademarks. Village Medical disagreed that there would be any likelihood of confusion between a company that provides personal care aid and a company that provides professional medical services.

50.     The June 16, 2022, meeting ended without the parties reaching any agreement. However, based on Defendant's withdrawal of its previous co-existence proposal and its new position that Village Practice should not provide in-home medical care under the VILLAGE MEDICAL trademark, and Defendant's assertion of a likelihood of confusion between professional medical services and non-medical assistance, Village Practice reasonably understood that there was a real and concrete dispute between the parties and a prospect of imminent litigation.

51.     On January 17, 2023, business teams from Village Practice and Defendant met via a videoconference to discuss possible business opportunities between the parties which might facilitate an amicable resolution. The Village Practice team walked away from the discussion optimistic that the parties would be able to find a business resolution of their trademark dispute.

52.     However, one month later, on February 17, 2023, Andy Hess, one of Defendant's principals, sent an e-mail to Village Practice's in-house counsel, Robbie Hinz, effectively ending the discussion of business opportunities and indicating that Defendant will "need move on to appropriately protect our rights in the VILLAGE mark."

**C.     The facts discussed above demonstrate an actual case or controversy between the parties.**

53.     The actions discussed above establish an actual case or controversy that is justiciable under the Declaratory Judgment Act.

54.     The parties have engaged in a course of conduct which has brought them into adversarial conflict, as demonstrated by the actions above with respect to the parties' incompatible assertions of trademark rights, and Defendant's threats of legal action.  While neither an express threat of legal action or an apprehension of litigation is necessary to establish a case and controversy under the Declaratory Judgment Act, the facts establish both a threat of litigation and a reasonable apprehension of imminent litigation.

55.     The history and events discussed above demonstrate that there is a definite and concrete dispute between the parties, touching the legal relations of parties with demonstrated adverse legal interests.  The dispute is real and substantial, and subject to resolution by specific relief in the form of a conclusive judicial declaration that Village Practice would not infringe any VILLAGE CAREGIVING trademarks for non-medical assistance services by the providing of professional medical services under the VILLAGE MEDICAL trademark in clinical, telemedicine, or in-home settings.  Based on all the facts and circumstances, there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**PERSONAL JURISDICTION AND VENUE**

56.     This Court has personal jurisdiction over the Defendant for at least the reasons that the Defendant transacts business in Illinois, maintains one or more facilities in Illinois, and has purposefully availed itself of the privileges of doing business in Illinois.

57.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Village Practice maintains its principal place of business in this district.  The Defendant also maintains one or more places of business in this district and is subject to the Court's personal jurisdiction with respect to this civil action.

## COUNT I—DECLARATORY JUDGMENT OF
## NO LIKELIHOOD OF CONFUSION

58.     Village Practice realleges the above paragraphs as if set forth fully herein.

59.     Village Practice is in the business of providing professional medical services under the VILLAGE MEDICAL trademark in various settings, including clinical, telemedicine, and in-home settings.

60.     Defendant is in the business of providing non-medical assistance care services under the VILLAGE CAREGIVING trademark.

61.     Village Practice is not in the business of providing non-medical assistance services.

62.     Defendant is not in the business of providing professional medical services.

63.     There is no reasonable likelihood of confusion, mistake, or error between the VILLAGE MEDICAL trademark as used for professional medical services and the VILLAGE CAREGIVING trademark as used for non-medical assistance services.

64.     The VILLAGE MEDICAL trademark is sufficiently different from the VILLAGE CAREGIVING trademark in sight, sound, meaning, appearance, area of commerce, or other material respect as to foreclose any likelihood of confusion between the two marks.

65.     In addition—and regardless of any asserted similarities, characteristics, or relatedness between the VILLAGE MEDICAL and VILLAGE CAREGIVING trademarks— there is no likelihood of confusion because Village Practice's claim to priority for the VILLAGE MEDICAL trademark predates Defendant's claim to priority for the VILLAGE CAREGIVING trademark.

66.     As established above, there is a real and concrete dispute between the parties with respect to the issue of whether there is any likelihood of confusion between the VILLAGE MEDICAL and VILLAGE CAREGIVING trademarks.

67.     Village Practice is entitled to a Declaration and Judgment that there is no likelihood of confusion between the VILLAGE MEDICAL trademark used for professional medical services and the VILLAGE CAREGIVING trademark used for non-medical assistance services.

## COUNT II—DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

68.     Village Practice realleges the above paragraphs as if set forth fully herein.

69.     Defendant has asserted that Village Practice's providing of in-home medical services under its VILLAGE MEDICAL trademark causes a likelihood of confusion with Defendant's VILLAGE CAREGIVING trademark.

70.     Defendant has also suggested that it may expand its business into the area of providing in-home and clinical medical services, and that such expansion would also create a likelihood of confusion between Village Practice's VILLAGE MEDICAL trademark and Defendant's VILLAGE CAREGIVING trademark.

71.     There is no reasonable likelihood of confusion, mistake, or error between the VILLAGE MEDICAL trademark as used for professional medical services and the VILLAGE CAREGIVING trademark as used for non-medical assistance services.

72.     The VILLAGE MEDICAL trademark is sufficiently different from the VILLAGE CAREGIVING trademark in sight, sound, meaning, appearance, area of commerce, or other material respect as to foreclose any likelihood of confusion between the two marks.

73. In addition—and regardless of any asserted similarities, characteristics, or relatedness between the VILLAGE MEDICAL and VILLAGE CAREGIVING trademarks—there is no likelihood of confusion because Village Practice's claim to priority for the VILLAGE MEDICAL trademark predates Defendant's claim to priority for the VILLAGE CAREGIVING trademark.

74. As established above, there is a real and concrete dispute between the parties with respect to the issue of whether Village Practice's continued use of its VILLAGE MEDICAL trademark would infringe Defendant's VILLAGE CAREGIVING trademark. For example, Defendant has asserted trademark rights incompatible with Village Practice's own trademark rights and its business operations. Defendant also has expressly reserved the filing of trademark claims against Village Practice if the parties are unable to informally resolve their trademark dispute.

75. Village Practice is entitled to a Declaration and Judgment that its use of the VILLAGE MEDICAL trademark does not infringe any of the VILLAGE CAREGIVING trademarks.

### COUNT III—DECLARATORY JUDGMENT OF
### NO UNFAIR COMPETITION OR FALSE ADVERTISING

76. Village Practice realleges the above paragraphs as if set forth fully herein.

77. Defendant has asserted a scope of rights and business expansion plans that are incompatible with Village Practice's legal rights and its business operations. Defendant also has expressly reserved the filing of "unfair competition and advertising claims" against Village Practice if the parties are unable to informally resolve their dispute.

78. Defendant's conduct establishes a real and concrete dispute between the parties with respect to the issue of whether Village Practice's continued use of its VILLAGE MEDICAL

trademark would constitute unfair competition, false advertising, or would give rise to liability under any other "advertising" claims.

79. There is no likelihood of confusion, mistake, error, deception, or any similar element of an unfair competition, false advertising, or similar claim based upon Village Practice's use of the VILLAGE MEDICAL trademark.

80. Village Practice is entitled to a Declaration and Judgment that its use of the VILLAGE MEDICAL trademark does not constitute unfair competition, false advertising, or otherwise give rise to liability under any other advertising claims.

**COUNT IV—DECLARATORY JUDGMENT FOR
REGISTRATION OF VILLAGE MEDICAL TRADEMARKS**

81. Village Practice realleges the above paragraphs as if set forth fully herein.

82. Village Practice has previously been granted federal registrations for VILLAGE MEDICAL trademarks for providing medical services, and has filed applications to register other VILLAGE MEDICAL trademarks in the area of providing medical services.

83. Defendant has filed several proceedings in the Trademark Trial and Appeal Board seeking to cancel or oppose Village Practice's registrations for its VILLAGE MEDICAL trademarks, asserting in each proceeding a likelihood of confusion with Defendant's VILLAGE CAREGIVING mark for providing non-medical assistance services. With respect to particular trademarks, Defendant has also raised arguments such as fraud or abandonment.

84. There is no reasonable likelihood of confusion, mistake, or error between the VILLAGE MEDICAL trademark as used for professional medical services and the VILLAGE CAREGIVING trademark as used for non-medical assistance services.

85. The VILLAGE MEDICAL trademark is sufficiently different from the VILLAGE CAREGIVING trademark in sight, sound, meaning, appearance, area of commerce, or other material respect as to foreclose any likelihood of confusion between the two marks.

86. In addition—and regardless of any asserted similarities, characteristics, or relatedness between the VILLAGE MEDICAL and VILLAGE CAREGIVING trademarks—there is no likelihood of confusion because Village Practice's claim to priority for the VILLAGE MEDICAL trademark predates Defendant's claim to priority for the VILLAGE CAREGIVING trademark.

87. Village Practice has neither abandoned any trademark nor committed fraud with respect to any trademark or application.

88. Defendant has no reasonable basis for opposing Village Practice's application for registration of its marks, or for seeking to cancel registrations of VILLAGE MEDICAL trademarks.

89. Defendant's conduct establishes a real and concrete dispute between the parties with respect to the registration status and the registrability of the VILLAGE MEDICAL trademarks.

90. Village Practice is entitled to a Declaration and Judgment that it is entitled to federal registration of the VILLAGE MEDICAL trademarks that are currently the subject of opposition or cancellation proceedings initiated by Defendant.

## COUNT V—ALTERNATIVE CLAIM FOR DECLARATORY JUDGMENT OF CANCELLATION AND DENIAL OF VILLAGE CAREGIVING MARKS

91. Village Practice realleges the above paragraphs as if set forth fully herein.

92.  The facts discussed above demonstrate a real and concrete dispute between the parties with respect to the registration status and the registrability of the parties' respective trademarks.

93.  As stated above, Village Practice maintains that there is no reasonable likelihood of confusion, mistake, or error between the VILLAGE MEDICAL trademark as used for professional medical services and the VILLAGE CAREGIVING trademark as used for non-medical assistance services.  The VILLAGE MEDICAL trademark is sufficiently different from the VILLAGE CAREGIVING trademark in sight, sound, meaning, appearance, area of commerce, or other material respect as to foreclose any likelihood of confusion between the two marks.

94.  Village Practice's claim to priority for the VILLAGE MEDICAL trademark predates Defendant's claim to priority for the VILLAGE CAREGIVING trademark.

95.  Accordingly, to the extent that the Court disagrees with Village Practice, and finds any likelihood of confusion in sight, sound, appearance, or in any other material respect between the VILLAGE MEDICAL trademarks and VILLAGE CAREGIVING trademarks, based upon the earlier priority date of the VILLAGE MEDICAL trademark the Court should declare that the VILLAGE MEDICAL trademarks are eligible for federal registration and declare that the VILLAGE CAREGIVING trademarks are not eligible for federal registration.

## PRAYER FOR RELIEF

**WHEREFORE**, Village Practice respectfully requests that this Court declare and enter a judgment that:

A.  Village Practice's VILLAGE MEDICAL trademarks are not confusingly similar to Defendant's VILLAGE CAREGIVING marks in sight, sound, meaning, area of commerce, or

in any other material respect, and may be used and registered for providing professional medical services without further interference from Defendant.

B.    Village Practice's VILLAGE MEDICAL trademarks are not confusingly similar to Defendant's VILLAGE CAREGIVING marks because the VILLAGE MEDICAL trademarks have priority over the VILLAGE CAREGIVING trademarks.

C.    Village Practice's use of the VILLAGE MEDICAL trademarks would not infringe Defendant's VILLAGE CAREGIVING trademarks; would not constitute unfair competition, false advertising, or a violation of any similar competition or advertising laws; and is not otherwise in violation of any rights Defendant might have pursuant to the Lanham Act, pursuant to any trademark registration, or pursuant to any common law right.

D.    Village Practice has not abandoned any of its VILLAGE MEDICAL trademarks identified herein nor committed fraud upon the USPTO in the prosecution of any of its VILLAGE MEDICAL trademark filings identified herein.

E.    Village Practice's VILLAGE MEDICAL trademarks identified herein shall be entitled to federal registration over any cancellation or opposition arguments which were previously asserted, or which might have been asserted by Defendant, and the United States trademark registry should be updated to include the VILLAGE MEDICAL trademarks on the Principal Register.

F.    Alternatively, only in the event that the Court finds any likelihood of confusion in sight, sound, appearance, or in any other material respect between the VILLAGE MEDICAL trademarks and VILLAGE CAREGIVING trademarks, based upon the earlier priority date for the VILLAGE MEDICAL trademarks, the VILLAGE MEDICAL trademarks are entitled to

federal registration and the VILLAGE CAREGIVING marks are not entitled to federal registration.

G.     Defendant's opposition proceedings in the USPTO Trademark Trial and Appeal Board against Village Practice's Application Serial Nos. 88497592 (M VILLAGE MEDICAL & design), 90645063 (VILLAGE MEDICAL), 90645120 (V VILLAGE MEDICAL & design), 90645147 (VILLAGE MEDICAL AT HOME), 90645166 (V VILLAGE MEDICAL AT HOME & design), 90645278 (VILLAGE MEDICAL PHYSICAL THERAPY), 90645297 (VILLAGE MEDICAL PHYSICAL THERAPY & design) and 97046699 (VILLAGE MEDICAL) and Defendant's cancellation proceeding in the USPTO Trademark Trial and Appeal Board against Village Practice's Registration No. 6782718 (VILLAGE MEDICAL) shall each be dismissed with prejudice.

H.     The federal trademark registration shall be updated to reflect any additional registrations or cancellations based on the Court's findings.

I.     This case is exceptional and Village Practice shall be awarded its attorney fees under 15 U.S.C. § 1117(a) or any other applicable statute or rule; and

J.     Village Practice shall be awarded its costs and all other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Village Practice requests a jury trial on all issues for which a jury trial is available.

DATED:  February 24, 2023

By */s/ Meredith A. Webster*
Meredith A. Webster  IL #6305145
KUTAK ROCK LLP
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64108-2432
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
meredith.webster@kutakrock.com

Patrick C. Stephenson (*pro hac vice application to be submitted*)
Carol A. Svolos (*pro hac vice application to be submitted*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
patrick.stephenson@kutakrock.com
carol.svolos@kutakrock.com

Aaron A. Myers (*pro hac vice application to be submitted*)
KUTAK ROCK LLP
Suite 3400
60 South Sixth Street
Minneapolis, MN 55402-4018
Telephone: (612) 334-5000
Facsimile: (612) 334-5050
aaron.myers@kutakrock.com

**Attorneys for Village Practice Management Company, LLC**